IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MONTE BERNARD MAXWELL,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>　　　　　　　Respondent. | 8:22CV305<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on initial review of Petitioner Monte Bernard Maxwell's ("Maxwell") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss Maxwell's petition without prejudice.

　　　　At the time he filed his petition on August 24, 2022, Maxwell represented that he was out on bond[1] at his home in relation to a Douglas County Court case in which he had been accused of "DUI" on or about July 28, 2022. Filing No. 1 at 1–2. According to Maxwell's state court records, available to this Court online,[2] a complaint was filed on July 26, 2022 in the Douglas County Court charging Maxwell with driving under the influence of alcohol, first offense; refusal to submit to a blood, breath, or urine test; open

---

[1]　"A petitioner released on bond is 'in custody' for habeas purposes." *Davis v. MN*, No. 21-CV-1811 (MJD/ECW), 2021 WL 4295866, at *2 (D. Minn. Aug. 31, 2021), *report and recommendation adopted*, No. 21-CV-1811 MJD/ECW, 2021 WL 4290884 (D. Minn. Sept. 21, 2021). *See also Oyler v. Allenbrand*, 23 F.3d 292, 293–94 (10th Cir. 1994) (petitioner who filed his habeas petition while on bond pending appeal was "in custody" for habeas purposes).

[2]　Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

alcohol container; and refusal to submit to preliminary test. On November 7, 2022, Maxwell entered a guilty plea to refusal to submit to a blood, breath, or urine test, and the other three charges were dismissed with prejudice pursuant to a plea agreement. The County Court of Douglas County, Nebraska sentenced Maxwell that same day to probation and imposed a $500 fine. The Court takes judicial notice of the state court records related to this case in State v. Maxwell, No. CR22-12940, County Court of Douglas County, Nebraska. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Maxwell alleges violations of his Fourth and Fourteenth Amendment rights based on law enforcement's alleged lack of cause to detain him or search his person or vehicle and the lack of proof to support the criminal charges against him. Filing No. 1 at 6–8. As relief, Maxwell requests dismissal of all charges, removal from all pre-trial programs, and suppression of all evidence obtained as a result of his "illegal detainment." Id. at 8.

Because Maxwell has now been convicted, his challenge to his pretrial detention is moot. See Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); Williams v. Slater, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); Yohey v. Collins, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); Thorne v. Warden, Brooklyn House of Detention for Men, 479 F.2d 297, 299 (2d Cir. 1973); Medina v. California, 429 F.2d 1392, 1393 (9th Cir. 1970).

To be clear, the arguments that Maxwell makes in challenging the lawfulness of his pretrial detention are also arguments that Maxwell may make in challenging the lawfulness of his conviction. The Court is dismissing Maxwell's § 2241 petition without prejudice for lack of jurisdiction and makes no findings regarding the merits of Maxwell's claims. Thus, the dismissal of this case will not preclude Maxwell from reasserting his claims in a habeas petition filed pursuant to 28 U.S.C. § 2254[3] after proper exhaustion of his claims in state court. *See* 28 U.S.C. § 2254(b)(1).

Because "the detention complained of arises from process issued by a state court," Maxwell must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Maxwell is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

---

[3] Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Dated this 19th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge